**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory Wade HEMBREE,**
**Defendant–Appellant.**

**No. 03–16001.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 23, 2004.

---

John Stewart Mills, Mills & Carlin, P.A., William Mallory Kent, Law Office of William Mallory Kent, Jacksonville, FL, for Defendant–Appellant.

Nancy J. Hess, Randall J. Hensel, U.S. Atty., Pensacola, FL, E. Bryan Wilson, Tallahassee, FL, for Plaintiff–Appellee.

Before DUBINA, BLACK and PRYOR, Circuit Judges.

BY THE COURT:

On July 23, 2004, this court denied Appellant's motion for leave to file a supplemental brief pursuant to *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Appellant now files a motion seeking to either file a substitute principal brief, or seeks this court's reconsideration of its July 23, 2004, Order. Appellant is attempting to do indirectly what he cannot do directly—raise a *Blakely* issue when it was not raised in his initial brief.

This court's precedent establishes that a party may not raise through a supplemental brief an issue not previously raised in his principal brief. *See U.S. v. Curtis,* 380 F.3d 1308, No. 02–16224, 2004 WL 1774785 (11th Cir. August 10, 2004); *U.S. v. Levy,* 379 F.3d 1241, No. 01–17133, 2004 WL 1725406 (11th Cir. August 3, 2004); *U.S. v. Ford,* 270 F.3d 1346, 1347 (11th Cir.2001); *U.S. v. Ardley,* 242 F.3d 989, 990 (11th Cir.2001); *U.S. v. Nealy,* 232 F.3d 825, 830 (11th Cir.2000). Therefore, to the extent that Appellant seeks reconsideration of the July 23, 2004, Order, his motion is DENIED.

To the extent that Appellant's motion seeks to file a substitute principal brief for the purpose of raising a *Blakely* issue, we hold that such *Blakely* motions to file a substitute or amended principal brief should be construed as motions to file a supplemental brief and should be denied. Such *Blakely* motions must be construed for what they are. Otherwise, this court would be permitting Appellant, through a motion for a substituted or amended principal brief, to circumvent improperly our above precedent and to do indirectly what Appellant cannot do directly. Nor will we *sua sponte* order the filing of substituted or amended principal briefs. To do so is impermissible as it too would circumvent improperly the above precedent of this court that forbids raising new issues by supplemental briefs. Accordingly, Appellant's motion to file a substitute principal brief is also DENIED.